PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

## for the

### DISTRICT OF HAWAII

FEB 06 2006

at 3 o'clock and ___ min. ___
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ALVIN B. DAVIS           Case Number: CR 03-00302SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 2/23/2004

Original Offense:   Distribution of Crystal Methamphetamine Within 1,000 Feet From a Public Elementary School, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), a Class B felony

Original Sentence:   Twenty-one (21) months imprisonment, to be followed by six (6) years supervised release, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; and 3) That the defendant provide the Probation Office access to any requested financial information.

Revocation
Offense and
Sentence:   On 4/8/2005, the subject's supervised release was revoked by Your Honor for refusing to comply with drug testing on 1/20/2005, 2/11/2005, and 2/24/2005; failing to attend substance abuse counseling on 2/7/2005; failing to report to the Probation Officer on 2/8/2005; urine specimen testing positive for methamphetamine on 2/25/2005; admitting use of methamphetamine on 3/9/2005; and failing to follow the Probation Officer's instructions, when he failed to report to the Youth Build Honolulu Program. The subject was sentenced to five (5) months imprisonment, to be followed by sixty-seven (67) months supervised release, with the following special conditions: 1) That the defendant participate in a

substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant serve six (6) months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office; 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; and 5) The defendant shall enter and successfully complete the Youth Build Honolulu Program.

<u>Type of Supervision:  Supervised Release     Date Supervision Commenced:  9/2/2005</u>

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1:   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Prob 12B
(7/93)
3

| Special Condition No. 6: | That the defendant serve an additional two (2) months of community confinement, for a total of eight (8) months, in a community corrections center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 7 and General Condition | The subject admitted using methamphetamine on 1/11/2006. |

On 10/23/2005, the subject submitted a urine specimen for testing at the request of staff working at the Mahoney Hale Community Corrections Center. Mahoney Hale randomly tests all residents of their program for illicit drug use as part of their contract with the Bureau of Prisons. The specimen was tested with a Non-Instrumented Drug Testing (NIDT) device, and was positive for methamphetamine. The subject admitted to this officer that he used methamphetamine on 10/23/2005, after catching a ride with an old friend. The specimen was forwarded to a laboratory for confirmation and was found to be negative for methamphetamine. A possible explanation for the negative result would be that the level of methamphetamine in the subject's urine sample fell below the nationally recognized cut off level for this drug. Because the confirmation test was negative, it was not reported to Your Honor. The subject was verbally admonished and warned that future drug use would have more severe consequences. The subject was also reprimanded for taking a ride with a known drug user.

On 11/23/2005, the subject submitted a urine specimen for testing at Mahoney Hale. The specimen was not confirmed positive for methamphetamine by the laboratory until 12/21/2005. When ultimately questioned, the subject admitted that on 11/23/2005, he drank beer and used methamphetamine with a friend. The subject was reprimanded and warned that any future illicit drug use would likely result in the initiation of revocation proceedings. At the recommendation of Freedom Recovery Services, our office placed the subject in their Intensive Outpatient Program (IOP). This program consists of counseling three (3) times per week for approximately thirty-six (36) sessions. The subject began the IOP program in December 2005.

On 1/11/2006, the subject submitted a urine specimen for testing at Freedom Recovery Services. The specimen was tested with a NIDT device, and was positive for methamphetamine. The subject admitted using methamphetamine on 1/11/2006 with a friend after catching a ride. The specimen was forwarded to a laboratory for

Prob 12B
(7/93)

4

confirmation and was found to be negative for methamphetamine. Again, it is likely that the level of methamphetamine in the subject's urine sample fell below the nationally recognized cut off level.

Although our office would be justified in recommending that revocation proceedings be initiated, there is one positive aspect to the subject's situation that causes us to consider an alternative. The subject has been actively participating in the Youth Build Honolulu Program since his release. He attends daily vocational training at Windward Community College in the construction trade as well as educational classes in order to obtain his high school diploma. According to the Director, Carol Ward, the subject is one of her best students and is doing well in the program. She is also willing to monitor the subject closer once he completes class and assist him in returning back to Mahoney Hale without catching rides from his old friends who have been the reported cause of the subject's trouble. The Youth Build program is one year in length and the subject will complete his training in September 2006. After graduation from the program, the subject will be placed with a construction company that works with the program.

In light of U.S. vs. Stephens, we are requesting that the Court modify the mandatory drug testing condition (General Condition) to allow for additional drug testing. We are also requesting that Special Condition No. 1 be revised to include updated language. In order to provide additional structure and monitoring, as well as serve as a sanction for his conduct, we are requesting that the Court extend the subject's time at Mahoney Hale by two (2) months, for a total of eight (8) months. The subject has a present release date from Mahoney Hale of 3/3/2006. The subject has been warned that any future illicit drug use will necessarily require our office to initiate revocation proceedings.

Prob 12B
(7/93)

5

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the condition of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed changes.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 1/30/2006

---

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[ ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

2/3/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

| | |
|---|---|
| *General Condition:* | *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.* |
| *Special Condition No. 1:* | *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.* |
| *Special Condition No. 6.* | *That the defendant serve an additional two (2) months of community confinement, for a total of eight (8) months, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.* |

Witness: _/s/ Frank M. Condello II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _/s/ Alvin Davis_
ALVIN B. DAVIS
Supervised Releasee

1/20/06
Date